

# THE ATTORNEY GENERAL
## OF TEXAS


ATTORNEY GENERAL

AUSTIN 11, TEXAS

Mrs. Willie O'Neal
County Auditor, Carson County
Panhandle, Texas

Dear Mrs. O'Neal:

Opinion No. 0-1800
Re: Construction of Art. 8, Sec. 1-a,
Constitution of Texas, as to who
is entitled to the tax exemption
therein provided for.

We acknowledge receipt of your request for an opinion from this department on the question as to who is allowed homestead exemption on tax payments according to the homestead exemption law.

Your request states the following:

"The question is whether a bachelor or single person who has never been married, would be exempt the same as a married man. This man we have in question claims exemption for the reason that he maintains a home. His mother lives with him but she claims exemption in another county."

On August 26, 1933, the people of Texas adopted Section 1-a, Article 8 of the Constitution of Texas, which provides that three thousand dollars of the assessed taxable value of all residence homesteads, as now defined by law, shall be exempt from taxation for all State purposes. This Section is self-enacting.

As will be noted, Section 1-a, Article 8, limits the exemption to residence homesteads as now defined by law. Neither the Constitution nor the statutory laws differentiate between or define residence or business homesteads, but our courts have universally held that a family may claim either. But Article 8, Section 1-a, limits the exemption to <u>residence</u> homesteads.

In the case presented, the son, being a single man, is prima facie not a constituent of a family.

We do not say, however, that a single man cannot be a constituent of a family and claim a homestead. The term "family" has not been defined by the statute and there is no set rule for determining just what is meant by that term. But in the case of Roco vs. Green, 50 Tex. 483, Associate Justice Bonner said:

"We deduce from the authorities the following general rules to determine when the relation of a family, as contemplated by the law, exists:

"1. It is one of a social status, not of mere contract.

"2. Legal or moral obligation on the head to support the other members.

"3. Corresponding state of dependence on the part of the other members for this support."

In applying the above general rules there must, of course, be actual contribution to the support by the head of the family. Crowe v. Burmeister, 26 S.W.2d 447.

Your request states that this man's mother, who lives with him, owns land in another county of this State and that she is claiming that land as a homestead. It is well settled that a family in no case is entitled to more than one homestead, and it is not permitted that different constituents of the same family may have separate homesteads. Crowder vs. Union National Bank (Com. of App.) 261 S.W. 375.

We are not furnished with facts as to whether or not the elements necessary for the assertion of the homestead by a single man are present in this case.

We are, therefore, of the opinion that property in question is not entitled to a homestead exemption from taxation.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

APPROVED FEB 12, 1940
/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

ATTORNEY GENERAL OF TEXAS

By  /s/ Richard H. Cocke
Richard H. Cocke
Assistant

RHC:N:tiw                    APPROVED
OPINION COMMITTEE
By    /s/ BWB
Chairman